UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EDUARDO CHECO,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, DONALD HAYES,
KEVIN MOORE, JANE DOES 1 and 2,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

COMP...... 5055

PLAINTIFFS DEMAND
A TRIAL BY JURY  COGAN, J.

          Plaintiff Eduardo Checo, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

          1.     At all times hereinafter mentioned plaintiff Eduardo Checo was a young

adult male and a resident of the State of New York.

          2.     At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Department of Corrections ("DOC") and

its employees.

          3.     At all times hereinafter mentioned, defendant Donald Hayes was employed

by the State of New York, Division of Parole ("Parole"), with the rank of Senior Parole Officer.

Hayes is sued herein in his individual capacity.

          4.     At all times hereinafter mentioned, defendant Kevin Moore was employed

by Parole, with the rank of Parole Officer. Hayes is sued herein in his individual capacity.

5.     At all times hereinafter mentioned, defendants Jane Does 1 and 2 (the "Doe defendants") were members of DOC and were employed, retained, trained and supervised by New York City. The Doe defendants are sued herein in their individual capacities.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the events complained of herein occurred.

## RELEVANT FACTS

8.     On January 10, 2008, following a felony conviction in New York State Supreme Court for robbery , plaintiff was sentenced to an indeterminate term of one-to-three years imprisonment.

9.     The maximum term of plaintiff's sentence expired on October 16, 2008 (the "expiration date").

10.     On February 6, 2008, plaintiff was released on parole, and put under the direct supervision of defendants Hayes and Moore.

11.     The expiration date of plaintiff's parole -- i.e., the last day on which plaintiff would be subject to parole, and any violation thereof -- was October 16, 2008.

12.     At all relevant times herein the individual defendants had actual knowledge of the expiration date,

13.     On or about April 10, 2009, plaintiff was arrested by members of the New York City Police Department for possession of narcotics. Plaintiff appeared in court and was

2

released.

14.     On April 29, 2008, plaintiff appeared at the Parole office of the individual defendants, at which time he was arrested and charged with violating the terms of his parole by engaging in the conduct for which he was arrested on April 10, 2008.

15.     The criminal case against plaintiff stemming from his arrest on April 10, 2008, was eventually dismissed and the matter terminated in his favor.

16.     However, the violation against plaintiff was upheld and plaintiff sentenced to serve out the remainder of his parole term in custody.

17.     As plaintiff's maximum expiration date was October 16, 2008, that expiration date was the last day on which defendants could incarcerate or otherwise detain or imprison plaintiff on his parole violation.

18.     As of October 16, 2008, plaintiff was being held at Rikers Island, which is a facility owned and/or operated by the DOC solely on account of the violation of parole.

19.     On October 16, 2008, plaintiff was told for the first time that he would not be released that day.  On that date, plaintiff approached two separate DOC officers (the Jane Doe defendants) and advised them that October 16, 2008 was his "max date" or the last day of his sentence.  Plaintiff showed both of the Doe defendants documents provided by the individual defendants which plainly stated that plaintiff's expiration date was October 16, 2008.

20.     Even though plaintiff's expiration date was passing, the defendants did not release plaintiff.  Instead they continued to hold him at Rikers Island, in the custody of the DOC.

21.     None of the defendants (or any agent or employee of the defendants) ever told plaintiff when he would be released or why he was still being held.

3

22.    On November 3, 2008, 18 days after his expiration date had passed, plaintiff was finally released by the DOC.

23.    Plaintiff was conscious of his continuous confinement by defendants between October 16 and November 3, 2008, and never consented to this confinement

24.    At no time was there any lawful basis for plaintiff's imprisonment beyond October 16, 2008, nor was there any reasonable basis for anybody to believe that plaintiff's imprisonment beyond October 16, 2008, was lawful or otherwise privileged.

25.    The defendants knew that there was no lawful basis to confine plaintiff beyond October 16, 2008, and yet either sought to continue his imprisonment or otherwise failed to take reasonable steps to release him from custody.

26.    At all times relevant herein, the individual defendants, including the Doe defendants, were acting within the scope of their employment, in furtherance of their employer's interests, and without legal justification or excuse.

### FIRST CAUSE OF ACTION

27.    Plaintiffs repeat the allegations contained in paragraphs "1" through "26" above as though stated fully herein.

28.    Defendants imprisoned plaintiff without due process or probable cause, or any other legal justification, and without a reasonable basis to believe such cause existed.

29.    By so doing, the individual defendants, individually and collectively, deprived plaintiff to his rights to liberty and due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

4

30.     By reason thereof, the individual defendants have violated  42 U.S.C.

§1983 and caused plaintiffs to suffer the deprivation of liberty, mental anguish, and the loss of

his constitutional rights.

## SECOND CAUSE OF ACTION

31.     Plaintiffs repeat the allegations contained in paragraphs "1" through "30"

above as though stated fully herein.

32.     Defendants imprisoned plaintiff without due process or probable cause, or

any other legal justification, and without a reasonable basis to believe such cause existed.

33.     By so doing, the individual defendants, individually and collectively,

caused plaintiff to be confined without his consent and without legal cause or justification.

Plaintiff was aware of his confinement by defendants, and the defendants' conduct in confining

plaintiff was not otherwise privileged.

34.     As a result of the defendants' false imprisonment of plaintiff by the

defendants, individually and through its agents, servants, employees and/or associates,

defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and

the deprivation of his liberty.

## THIRD CAUSE OF ACTION

35.     Plaintiffs repeat the allegations contained in paragraphs "1" through "34"

above as though stated fully herein.

36.     Defendant City of New York was responsible for ensuring that the persons

detained in the detention facilities owned, operated, or otherwise managed by or on behalf of the

City of New York, were not imprisoned beyond those lawful dates or deadlines as determined by

5

courts or lawful judicial order.

37.     Defendant City of New York was responsible for ensuring that proper, adequate and reasonable supervision was maintained over the day-to-day operations of DOC facilities to ensure that individuals, such as plaintiff, were not kept imprisoned beyond the time limits imposed by state or federal constitutions, courts or judicial authority, and that all release deadlines were observed.

38.     The conduct engaged in and rendered to plaintiff by the defendants, individually and through its agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted penal practices and believed to be in violation of applicable policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

39.     As a result of the carelessness and negligence and violation of applicable penal procedures and policies by the respective defendants, individually and through its agents, servants, employees and/or associates, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

6

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual and punitive damages in an amount to be determined at trial;

    iii.    on the third cause of action actual and punitive damages in an amount to be determined at trial;

    iv.    statutory attorney's fees pursuant to 42 U.S.C. §1988, disbursements, and costs of this action; and

    v.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       November 16, 2009

REIBMAN & WEINER

By: _____
    Michael B. Lumer (ML-1947)
    Attorneys for Plaintiff
    26 Court Street, Suite 1005
    Brooklyn, New York 11242
    (718) 522-1743

7